***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of Deputy Commissioner Taylor.
 ***********
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties were properly before the Commission and the Commission had jurisdiction of the parties and of the subject matter.
2. The parties were correctly designated and there was no question as to misjoinder or nonjoinder of parties.
3. The parties were subject to and bound by the North Carolina Workers' Compensation Act.
4. On the alleged date of injury, November 9, 2001, an employer-employee relationship existed between the parties.
5. Builders Mutual Insurance Company is the carrier on the risk.
6. Plaintiff earned a sufficient average weekly wage to qualify for the maximum compensation rate for 2001, which was $620.00 per week.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff is a 48-year-old male and worked for defendant-employer for approximately six to seven years. Defendant-employer performs home modifications and the building of sunrooms, including the installation of home spas. Plaintiff was hired as an installer, but was subsequently promoted to superintendent.
2. Plaintiff has a significant pre-existing medical history, which includes hypertension, diabetes myletis, kidney stones, high cholesterol, a blood clot on the brain, a motor vehicle accident with head injury in 1995, hip injury, anxiety, depression, degenerative disc disease and arthritis.
4. Dr. John Barr, a family physician, began treating plaintiff in 1998, primarily for chronic hypertension and diabetes. Plaintiff also had a history of chronic low back pain. On June 22, 2001, Dr. Barr noted that plaintiff had a six-month history of recurrent low back pain, occasionally down his right leg.
5. On November 9, 2001, several of defendant-employer's employees were moving spas from an old showroom to a new building. Plaintiff and the other employees, including his supervisor, Chadwick Stanford, lifted a spa to a dolly to be moved. Plaintiff felt a pop in his back while moving the spa and indicated to Mr. Stanford that he could not continue lifting because his back hurt.
6. On November 15, 2001, plaintiff returned to Dr. Barr for a primary visit to follow-up on plaintiff's diabetes. Dr. Barr testified that he did not recall plaintiff mentioning any lifting incident at work during the November 15, 2001 office visit. Unfortunately, the history section of Dr. Barr's notes were left blank. Plaintiff was not given any work restrictions.
7. Plaintiff also saw Dr. Barr on December 18, 2001 and April 26, 2002, and did not mention a work-related injury or a problem with his back. Plaintiff or his wife also spoke to Dr. Barr's office on December 5, 2001, February 6, 2002, and March 6, 2002. There is no indication in the office notes that plaintiff mentioned a lifting incident at work or made back-related complaints.
8. In January 2002, plaintiff voluntarily quit his job with defendant-employer over a wage dispute. Plaintiff then began his own company, Quality Dream Builders, which built sunrooms, and installs siding, windows, and decks.
9. On April 26, 2002, plaintiff reported to Dr. Barr that he had started his own business building sunrooms and that he hurt all over. Dr. Barr prescribed plaintiff Percocet for his pain.
10. On May 24, 2002, plaintiff's wife called Dr. Barr to obtain a refill for plaintiff's medicine. Dr. Barr's notes record that plaintiff's wife stated that plaintiff hurt his back while working on a porch. Plaintiff returned for a scheduled appointment on May 30, 2002 and was depressed about the possibility of his company failing. According to office notes, plaintiff did not report a November 2001 on-the-job injury.
11. On June 26, 2002, plaintiff went to the emergency room with pain in his back. An MRI was performed, which showed a large midline disk herniation and stenosis. On June 27, 2002, plaintiff visited Dr. Barr and reported for the first time, according to Dr. Barr's notes and recollection, a lifting injury that allegedly occurred at work in November of 2001. Prior to June 27, 2002, Dr. Barr was not aware that plaintiff had a workers' compensation injury. In his deposition, Dr. Barr stated that, based on his belief in plaintiff's report, the November 2001 incident could be a cause of plaintiff's current condition. However, Dr. Barr could not testify to a reasonable degree of medical certainty regarding the cause of plaintiff's current condition.
12. Dr. Barr referred plaintiff to Dr. Ranja Roy, a neurosurgeon, on July 2, 2002. Dr. Roy evaluated plaintiff for low back pain with pain going into both legs. Plaintiff told Dr. Roy that he injured his back on November 14, 2001, while lifting a spa. Plaintiff erroneously reported that he had been taking Percocet since January 2002 for his back pain. Dr. Roy recommended surgery. In his deposition, Dr. Roy testified that plaintiff's description of the incident was consistent with the results of his MRI, however, he could not say to a reasonable degree of medical certainty that plaintiff injured his back while lifting a spa for defendant. Dr. Roy did not know what caused plaintiff's back problems.
13. For approximately eight months following plaintiff's alleged accident and resulting injury, plaintiff neither reported to defendant-employer any accident or resulting injuries, nor did he seek any medical treatment for such injuries. It is significant to note that plaintiff made a claim for workers' compensation benefits by filing a Form 18 on July 2, 2002, the same day as his appointment with Dr. Roy and after his own company went bankrupt.
14. Although plaintiff may have injured his back on November 9, 2001 while employed by defendant-employer, the Commission finds that there is insufficient medical evidence of record from which to prove by the greater weight that plaintiff sustained a compensable injury as the result of the alleged incident on November 9, 2001.
15. Plaintiff failed to prove by the greater weight of the evidence that he suffered any compensable consequences from the lifting incident at work or that his current back problems are causally related to the lifting incident at work.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In order for an injury to be compensable under the Workers' Compensation Act, it must be the result of an accident arising out of an in the course of employment. N.C. Gen. Stat. § 97-2(6).
2. The person claiming the benefit of compensation has the burden of showing that the injury complained of resulted from an injury by accident arising out of and in the course of employment. Henry v. A.C. LawrenceLeather Co., 231 N.C. 477, 57 S.E.2d 760 (1950). Plaintiff failed to carry the burden of proving by competent evidence that a causal relationship existed between the work-related accident and the disability for which compensation is sought. Click v. Freight Carriers, 300 N.C. 164,265 S.E.2d 389 (1980).
4. Plaintiff did not sustain an injury by accident or specific traumatic incident arising out of and in the course of his employment with defendant-employer on November 9, 1997. N.C. Gen. Stat. § 97-2(6);Anderson v. Motor Co., 233 N.C. 372, 64 S.E.2d 265 (1951).
5. Therefore, plaintiff is not entitled to benefits under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-2 et seq.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim for compensation is hereby DENIED.
2. Each side shall bear its own costs; however, defendants shall pay expert witness fees in the amount of $200.00 to Dr. Barr and $400.00 to Dr. Roy.
This 14th day of October, 2005.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER